**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**



TIMOTHY R. MARTIN,

     Plaintiff,

v.                           Civil Action No. 3:08cv417

SCOTT & STRINGFELLOW, INC.,
a/k/a BB&T Capital Markets,
a wholly owned subsidiary
of BB&T Corporation,

     Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the MOTION FOR LEAVE TO AMEND ANSWER TO COMPLAINT (Docket No. 40) filed by the Defendant, Scott & Stringfellow, Inc. For the reasons set forth below, the motion is granted.

## BACKGROUND

Timothy R. Martin filed this action against Scott & Stringfellow, Inc. ("S&S") after S&S terminated Martin's employment. Martin alleges that S&S subjected him to a hostile work environment which effected a constructive discharge in violation of the Age Discrimination Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. Martin also alleges that he was constructively discharged in retaliation for engaging in

protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. In answer, S&S seeks to assert the co-called "after-acquired evidence" defense, which might, if proven, serve to limit or eliminate any recovery that Martin might obtain. This defense was not presented in its initial responsive pleading.

The factual basis for S&S's assertion of a new defense is the discovery of an audiotape of certain conversations made by Martin while he was still employed with S&S. (Def. Mem. at 1.) According to S&S, the creation of this audiotape was a violation of Martin's fiduciary duty to S&S, and was therefore a wrongdoing sufficient to warrant his termination. (Id. at 2.) On that basis, S&S seeks to avail itself of the "after-acquired evidence doctrine" as outlined in Miller v. AT&T Corp., 250 F.3d 820, 837 (4th Cir. 2001). Martin opposes the grant of leave to amend on the basis of bad faith, prejudice, and futility.[1] (Pl. Mem. at 9.) None of the grounds for Martin's opposition have merit.[2]

---

[1] Martin is proceeding pro se and does not use this terminology, but these are the essential arguments that he is making. Throughout the memo, Martin's pleading will be construed generously. See Estelle v. Gamble 429 U.S. 97, 106 (1976) (pro se documents are to be liberally construed).

[2] As S&S argues, Martin has stated that S&S's motion for leave to amend meats the criteria set forth in Fed. R. Civ. P. 15(a).

-22-

## DISCUSSION

Rule 15(a)(2) provides that a defendant should be granted leave to amend its answer "when justice so requires." And leave should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing . . ., futility of the amendment." Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

A party seeking an amendment can be denied leave on the basis of undue delay if it was "aware of the facts underlying the proposed allegations, such that he could have included them ab initio, or sought an amendment earlier than he did." Gum v. Gen. Elec. Co., 5 F.Supp.2d 412, 415 (S.D.W.Va. 1998). A prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotations omitted). An amendment is futile if it "fails to satisfy the requirements of the federal rules" or if it

---

(Pl. Mem. at 7; Def. Rep. at 2.) However, as Martin clearly intends to oppose S&S's motion, the Court should not treat this statement as a statement of[2] non-opposition to the motion. See Estelle, 429 U.S. at 106.

"is clearly insufficient or frivolous on its face." U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (quoting United States ex rel. Fowler v. Caremark RX, LLC, 496 F.3d 730, 740 (7th Cir. 2007)); Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986).

S&S seeks to amend its complaint to add an affirmative defense of "after acquired evidence." (Def. Mem. at 2.)   This doctrine provides that

> evidence of employee wrongdoing acquired after wrongful termination may limit an award of back pay (and disentitle an employee to front pay and reinstatement) when the employer establishes that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge.

Miller, 250 F.3d at 837 (quoting McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 362-63 (1995) (internal quotations omitted)).   The doctrine applies even when the evidence was discovered in the course of a post-termination action concerning the employment. McKennon, 513 U.S. at 362.

S&S avers that it first learned of the audiotape that is the basis for its motion on October 14, 2008, when it received courtesy copies of Martin's "Reply Memorandum: Defendant's Rightous Indignation is No Defense for Fraud on the Court" (Docket Number 30). (Def. Mem. at 1.)   A compact disc containing the recordings at issue was appended to that document as Exhibit

-44-

A.  Martin claims that S&S could have subpoenaed the tapes during an earlier arbitration between the parties, but does not allege that S&S actually knew of the tapes so that it could have effectively sought their production. (Pl. Mem. at 7.[3])

Because S&S did not know the factual basis for the after-acquired evidence defense until recently, it did not unduly delay in failing to seek an amendment.  See Gum, 5 F.Supp.2d at 415. Martin's claim of bad faith fails because there is no evidence that S&S seeks the requested amendment for any improper purpose.

Martin's claim of prejudice is similarly without merit.  The issue of Martin's possible breach of S&S's employee ethics code and fiduciary duties to his employer has been an ongoing issue in the case. (See, e.g., Answer at ¶ 19.)  Additionally, the amendment is not being offered shortly before trial or after the close of discovery, so ample opportunity remains for both parties to investigate the issue.  Martin will suffer no prejudice from allowing S&S to amend their answer. See Laber, 438 F.3d at 427.

Finally, Martin's claim of futility also fails. (Pl. Mem. at 5.)  As an initial matter, S&S's claim sets forth a valid defense under federal employment law which, if the requisite factual

---

[3] Martin appears to stipulate that the evidence was new, but this statement is inconsistent with his later statement that S&S had access to the audiotape. (Pl. Mem. at 6.)  The Court will liberally construe Martin's pleading as arguing that the audiotape was not new evidence.

elements are proved, will serve to limit or foreclose any recovery to which Martin may be entitled. See <u>Miller</u>, 250 F.3d at 837. That the parties dispute the factual bases for the defense (e.g., whether the taping was a breach of the ethics code or fiduciary duty) does not render an amendment futile. See <u>id.</u>

The basis for the claim of futility is Martin's assertion that a North Carolina Court has found that an employee taping conversations with his employer was not a breach of the S&S ethics code or the employee's fiduciary duty. (Pl. Mem. at 5.) Martin also provides a document purporting to be a court order from the Forsyth County, North Carolina court setting forth that finding. (<u>Id.</u> at Ex. B.[4]) Even assuming that the North Carolina court made a decision as characterized by Martin (an assumption

---

[4] It is unclear who wrote the document appended to Pl. Mem. as Exhibit B. It reads as if it were written by Martin himself and is acting as a purported summary of a North Carolina Court's decision. S&S has supplied the actual consent order that resolved the case casts further doubt on the authenticity of the document tendered by Martin as Exhibit B. In fact, it appears as though Martin is attempting to proffer a document written by himself as a lawfully-issued court order of the North Carolina District Court. It is worth noting, therefore, that even a <u>pro se</u> litigant is subject to the strictures of Fed. R. Civ. P. 11, and that falsifying court records is cause for serious sanctions up to and including dismissal of an action. See Fed. R. Civ. P. 11(b)(3), (c)(4); <u>Pope v. Federal Exp. Corp.</u>, 974 F.2d 982, 984-85 (8th Cir. 1992) (holding that dismissal was an appropriate sanction when plaintiff produced and relied on a falsified document); <u>Combs v. Rockwell Intern. Corp.</u>, 927 F.2d 486, 488-89 (9th Cir. 1991) (dismissal an appropriate remedy for fraudulent alteration of court documents).

which has little basis supporting it), S&S's claim is not futile. The decision in the North Carolina court would likely have no collateral estoppel effect, because there is no identity of issue or of parties between the two suits, nor is it apparent that the issue was actually litigated in the prior suit. See Sartin v. Macik, 535 F.3d 284, 287-88 (4th Cir. 2008) (federal courts apply state collateral estoppel law and North Carolina law requires identity of parties for collateral estoppel to apply). While this legal issue might be disputed, the presence of a disputed legal issue does not render an amendment "clearly insufficient or frivolous." See Johnson, 785 F.2d at 510-11; see also Gallegos v Brandeis Sch., 189 F.R.D. 256, 258 (E.D.N.Y. 1999) (leave should be granted even when the possibility that the claim will be successful is remote).

## CONCLUSION

For the foregoing reasons, the Defendant's MOTION FOR LEAVE TO AMEND ANSWER (Docket No. 40) will be granted.

It is so ORDERED.

_____ /s/ _____   REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:  January  7  , 2009

-77-