IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



TIMOTHY R. MARTIN,

    Plaintiff,

v.                                  Civil Action No. 3:08cv417

SCOTT & STRINGFELLOW, INC.,
a/k/a BB&T Capital Markets,
a wholly owned subsidiary of
BB&T Corporation,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the Defendant's, Scott and Stringfellow, Inc.'s ("S&S"), MOTION FOR PROTECTIVE ORDER (Docket No. 33). S&S asks the Court to compel the Plaintiff, Timothy R. Martin, to turn over various audiotapes of conversations between him and employees of S&S and BB&T and to prevent the public disclosure of the contents of those tapes. (Def. Mem. at 1.)

The tapes at issue were made in secret by Martin and another employee of S&S, John Sherwood, while they were employees of S&S and BB&T. (Def. Mem. at 4.) The tapes already have been the subject of litigation in North Carolina state court. That litigation that ended with a consent permanent

injunction prohibiting Sherwood from publishing the contents of the tapes and compelling him to produce to his counsel, Walter C. Holton, Jr., those tapes he does have. (Def. Ex. A at 1.) S&S argues that these tapes were produced in violation of Sherwood and Martin's fiduciary duties and the employee ethics code and that they contain proprietary business information. (Def. Mem. at 2, 7.)

Martin argues that a protective order is inappropriate, because the audiotapes have not been unlawfully withheld and because the content on the tapes is covered by an earlier confidentiality order in this case. (Pl. Mem. at 10-11.)

## DISCUSSION

A Fed. R. Civ. P. 26(c) protective order may, <u>inter alia</u>, compel a party to disclose facts and documents and prohibit a party from making public certain information. A district court's decision to issue a protective order is a matter of discretion. <u>M&M Med. Supplies and Service, Inc. v. Pleasant Valley Hosp., Inc.</u>, 981 F.2d 160, 163 (4th Cir. 1992). This discretion is not abused unless a party can make a clear showing that the protective order caused substantial prejudice. <u>See id.</u> Policy considerations are an appropriate basis on which a district court may issue a protective order. <u>See</u> <u>Renaissance</u>

Greeting Cards, Inc. v. Dollar Tree Stores, Inc., 227 Fed. Appx. 239, 248 (4th Cir. 2007) (unreported).

In this action, a protective order is appropriate for two reasons. First, a protective order will fulfill the policy of preventing proprietary trade information from being disseminated to the public. In fact, this consideration led this Court to issue a confidentiality order earlier in the same litigation. (Docket Number 32.) Martin apparently recognizes that these tapes are covered by the earlier confidentiality order. (Pl. Mem. at 6.) However, given his history of being less-than-forthright in previous litigation, a more explicit protective order is appropriate. (Def. Mem. at 2.)

Furthermore, it is clear from Martin's litigious history with S&S that the content of these tapes will continue to be used to harass S&S. (Def. Mem. at 4-6.) Martin has made constant and consistently-ill-supported arguments that S&S is acting in bad faith and committing "fraud on the Court." (Pl. Mem. at 6.) This is the type of litigation abuse that Fed. R. Civ. P. 26(c) was designed to prevent. A protective order is therefore also appropriate on this basis.

Martin has presented no indication that the proposed protective order will cause him "substantial prejudice." M&M Med. Supplies, 981 F.2d at 163. The suggested protective order

-3-

will not prohibit Martin from using the information contained on the tapes at trial, nor does in entitle S&S to information which they could not obtain through normal discovery. In sum, there is no evidence that a protective order would harm Martin's interest in the litigation.

## CONCLUSION

For the foregoing reasons, the Defendant's MOTION FOR PROTECTIVE ORDER (Docket No. 33) will be granted.

It is so ORDERED.

　　　　　　　　　　　　　　　　　　　/s/　　　　　　　　REP
　　　　　　　　　　　　　　　Robert e. Payne
　　　　　　　　　　　　　　　Senior United States District Judge

Richmond, Virginia
Date: January 7, 2009
REP